UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMELIA WATKINS and LINDA K. HAIRSTON, on their own behalf and on behalf of others similarly situated, ) ) ) ) | | |
| Plaintiffs, ) ) | | |
| vs.  ) ) | 1:06-cv-1473-JDT-TAB | |
| ROBERT PENN, ACE APPRISAL SERVICES, FREDERICK BAUTER, BROWN FUNDING, INC., BRIAN CARRINGTON, EU GROUP, LLC, LAND ECONOMICS, LLC, SHARON PENN, PEOPLES TRUST MORTAGE, LLC d/b/a PEOPLES CHOICE MORTGAGE, AMY POLLARD, ROBERT POLLARD, SUSAN L. RUHANA, TAMARA SCOTT-PENN AND SHOWHOMES PROPERTY MANAGEMENT, LLC, KTD ENTERPRISES, INC., EXCEL REALTY GROUP, LLC, HOMEVESTORS, LLC, REALTY OPTIONS, LLC, BEULAH PENN, JERRY JAQUESS, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | | |
| Defendants. ) | | |

### ENTRY ON MOTION TO DISMISS (Doc. #52)[1]

Plaintiffs, Amelia Watkins and Linda Hairston, claim to be the victims of a mortgage fraud scheme perpetrated by the Defendants. They have brought suit on behalf of themselves and others they say were similarly damaged by Defendants' actions. Defendant Robert Penn is claimed to be at the heart of a conspiracy which

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

included numerous individuals and business entities and involved the use of Plaintiffs' names and credit ratings on falsified mortgage applications. Plaintiffs contend that the illegal plan also included the intentional inflation of appraisals by certain defendants in an effort to induce mortgage lenders to make loans, the proceeds of which would be misappropriated by the Defendants. According to Plaintiffs, the mortgages obtained under their names went unpaid and into default, causing them damage in the form of ruined credit ratings.

Plaintiffs have filed a fifteen count complaint, alleging fraud, constructive fraud, conspiracy, theft by deception, state and federal Racketeer Influenced and Corrupt Organizations ("RICO") violations, criminal mischief, indemnity, breach of fiduciary duty, invasion of privacy, negligence, negligent misrepresentation and unjust enrichment. Defendant Brian Carrington filed a motion to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). Carrington is a licensed appraiser who provided real estate appraisals to two of the other named Defendants. Defendant Frederick Bauter, another appraiser, has joined in Carrington's motion to dismiss. Each of these two Defendants claims that he owed no duty to Plaintiffs, that Plaintiffs have failed to plead essential elements of any claim against him and that, as an expression of opinion, an appraisal can not form the basis for any claim of fraud.

In response to the motion to dismiss, Plaintiffs defend two of the fifteen counts as applied to these particular defendants. They contend that Count Five, which is premised upon Indiana's RICO statute, and Count Six, which asserts a civil conspiracy, adequately state claims against both defendants. By electing to defend only two of the

counts of their complaint in response to Defendants' dismissal motion, Plaintiffs have abandoned any other theories raised in their complaint as against Carrington and Bauter. *See Palmer v. Marion County,* 327 F.3d 588, 598-99 (7th Cir. 2003).

### *Standard of Review*

The standard of review for a Rule 12(b)(6) motion to dismiss for failure to state a claim is not stringent. Under federal notice pleading, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). As the Supreme Court recently stated, a complaint under attack by a Rule 12(b)(6) motion need not contain detailed factual allegations, but still must go beyond mere labels and formulaic recitations of the elements of a cause of action to survive. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007). The facts alleged must be assumed true in any analysis of a Rule 12(b)(6) motion to dismiss and, with that assumption in place, such factual allegations must raise more than a speculative right to relief. *Id.* at 1965. *Twombly* suggests that the oft-quoted maxim from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that a complaint survives a dismissal motion unless the moving party establishes that the plaintiff can prove "no set of facts" which would entitle him to relief, has gained unintended breadth. Mere speculative assertions from a plaintiff of the possibilities that abound can not carry the day. However, plaintiffs still need not plead a trail of specific facts to support each burden assumed by the assertion of a particular theory of liability.

*Discussion*

By abandoning all but two counts against Defendants Carrington and Bauter, Plaintiffs must now rely only on the two state law theories expressed in those counts in order to recover against them.  For that reason, this court must first examine whether or not it retains jurisdiction over the two state law claims.  With Plaintiffs being citizens of Virginia and Defendants Sharon Penn and Beauhlah Penn also residing in that state, jurisdiction based on complete diversity of the parties is nonexistent.  *See F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989).  Therefore, the question becomes whether this court finds that the assertion of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, is appropriate.

By statute, in cases where the court has original jurisdiction, it also has the ability to exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." 28 U.S.C. 1367(a).  Here, the federal RICO count that remains pled against all other Defendants is the federal claim that bestows original jurisdiction on this court.  Plaintiff's assertion of a state RICO claim and a civil conspiracy claim against Carrington and Bauter arises out of the same case and controversy that provides original jurisdiction.  In such circumstances it is appropriate for a district court to take jurisdiction over the state law claims brought against some defendants which arise out of the same fraudulent scheme that gives rise to a federal statutory claim against other defendants. *Blakely v. United States*, 276 F.3d 853, 861-62 (6th Cir. 2002).

With supplemental jurisdiction in place, the next question is whether Counts Five and Six of the complaint are sufficient to assert claims against Carrington and Bauter upon which this court can grant relief.  Count Five is the Indiana RICO claim.  Indiana RICO is patterned after the federal RICO statute and, therefore, federal decisions interpreting RICO are helpful in reaching conclusions with respect to the application of the state statute as well.  *See Raybestos Prods. Co. v. Younger*, 54 F.3d 1234, 1242 n.10 (7th Cir. 1995); *Yoder Grain, Inc. v. Antalis*, 722 N.E.2d 840, 845 (Ind. Ct. App. 2000).  To adequately set forth a RICO claim, a plaintiff must allege that a defendant has: (1) conducted (2) an enterprise (3) through a pattern (4) of racketeering activity.  *Yoder Grain*, 722 N.E.2d at 845.

To support the "conduct" element of a RICO claim, the plaintiff must set forth factual allegations indicating that a particular defendant has "participated in the operation or management of the enterprise itself."  *Id.* at 846 (*quoting Reves v. Ernst & Young*, 507 U.S. 170 (1993)).  The Plaintiffs here have not made such an assertion in their complaint.  In fact, in paragraph 115 of Count Five of their complaint they state that "[T]he Penns control the Enterprise and used its members, including .... the Appraisers to implement their fraudulent scheme."  What Plaintiffs actually allege is that Carrington and Bauter provided the Penns with highly inflated and unrealistic property appraisals, knowing that the same would be used to dupe the Plaintiffs.

Knowledge of how your contributions may be used by the enterprise is not participation in the management or control of that enterprise, even if the term participation is viewed in great breadth.  *See Goren v. New Vision Int'l, Inc.*, 156 F.3d

721, 727 (7th Cir. 1998). Plaintiffs here have pled the facts with regard to the enterprise's management and operation so specifically as to plead themselves out of court with regard to their RICO claim against Carrington and Bauter. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (holding that plaintiff "has simply pled himself out of court by saying too much"); *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts."); *Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 725 (7th Cir. 1986) ("A plaintiff who files a long and detailed complaint may plead himself out of court by including factual allegations which if true show that his legal rights were not invaded.").

The court notes also that Plaintiffs argued in their response brief that the "racketeering activity" prerequisite to a prima facie RICO case was met by their allegations that Carrington and Bauter violated Ind. Code § 35-43-5-3(a)(6), a particular subsection of the statutory crime of "Deception" in Indiana, which requires intent to defraud. However, Ind. Code § 35-45-6-1 sets forth the various criminal acts which the commission of, or assistance with, would constitute "racketeering activity," and while criminal "Fraud", Ind. Code § 35-43-4(1) - (9), is one of those possible predicates, the crime of "Deception" is not one of those predicate acts. So, while this court need not go further than noting the lack of suitable factual allegations to sustain the "conduct" element of a RICO claim, it appears that Plaintiffs claim would fail with respect to the "racketeering activity" element as well.

That leaves the civil conspiracy claim as the only line tethering Carrington and Bauter to the case. Though Indiana does not recognize civil conspiracy as an independent tort, it does allow an action for damages as a result of concerted action in the commission of a recognized tort. *Indianapolis Horse Patrol, Inc. v. Ward*, 217 N.E.2d 626 (Ind. 1966); *Boyle v. Anderson Fire Fighters Ass'n Local 1262, AFL-CIO*, 497 N.E.2d 1073, 1079 (Ind. Ct. App. 1986). The independent tort at issue here is fraud. And, while Plaintiffs have elected not to prosecute an independent claim of fraud against Carrington and Bauter,[2] they need not do so in order to recover against them for their participation as conspirators. Each coconspirator may be held jointly liable for the damages resulting from the concerted tortious actions. *Boyle*, 497 N.E.2d at 1079.

It will be necessary for Plaintiffs to prove both that a tort was committed and that Carrington and Bauter acted in concert with others to accomplish the unlawful act or purpose. While that may seem a difficult proof burden to meet at this point, the court can not say that Plaintiffs are unable to prove any set of facts which would entitle them to relief. If Carrington and Bauter purposefully generated wholly unrealistic real estate appraisals, knowing that the Penns or any of their co-defendants intended to utilize those appraisals in a scheme to defraud the Plaintiffs, then a recovery against them is appropriate, because under Indiana law each conspirator may be held jointly liable for

---

[2]The problem which Plaintiffs are likely seeking to avoid by abandoning any independent claim of fraud against the appraisers is the requirement in a fraud claim that there be a misrepresentation of past or existing fact. Since there is legal precedent in Indiana for finding that a real estate appraisal operates as an opinion, and for that reason may not serve to form the basis of a misrepresentation of fact, *see Kreighbaum v. First Nat'l Bank & Trust,* 776 N.E.2d 413, 421 (Ind. Ct. App. 2002); *Block v. Lake Mortgage Co.*, 601 N.E.2d 449, 451 (Ind. Ct. App. 1992), any attempt to recover from the appraisers for their independent actions might meet with an insurmountable legal obstacle, which is not present under a civil conspiracy theory.

the damages occasioned by the unlawful act or purpose. *Bottoms v. B & M Coal Corp.*, 405 N.E.2d 82, 90 (Ind. Ct. App. 1980).

*Conclusion*

Defendants' Motion to Dismiss (Doc. No. 52) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs have abandoned all counts of the complaint as applied to Defendants Carrington and Bauter except Counts Five and Six, and therefore all other counts will be **DISMISSED** as to Carrrington and Bauter. In their complaint, Plaintiffs alleged that Defendants other than Carrington and Bauter actually controlled the "enterprise" that they say is at the heart of a scheme to defraud them. Because they have alleged facts which are inconsistent with the RICO prerequisite of demonstrating "conduct" on the part of Carrington and Bauter, Count Five of Plaintiff's complaint will be **DISMISSED** as to those Defendants as well. Count Six, a claim for damages as a result of a civil conspiracy, adequately states a claim and is the sole remaining count which applies to Defendants Carrington and Bauter. Because of the pendency of other matters, a final judgment or order on those dismissed claims will not be entered until the disposition of the remaining claims.

ALL OF WHICH IS ENTERED this 6th day of August 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge Tim A. Baker

A. Richard Blaiklock
LEWIS & WAGNER
rblaiklock@lewiswagner.com

Bruce D. Brattain
BRATTAIN & MINNIX
batmi5@aol.com

Curtis J. Butcher
CURTIS J. BUTCHER & ASSOCIATES
curtisbutcherlaw@msn.com

Erin A. Clancy
KIGHTLINGER & GRAY
eclancy@k-glaw.com

Laura Brooke Conway
THRASHER BUSCHMANN GRIFFITH
& VOELKEL PC
conway@indiana-attorneys.com

Kathleen A. Farinas
GEORGE & SIPES
600 Inland Building
156 East Market Street
Indianapolis, IN 46204

Donald F. Foley
FOLEY & TURNER
donf@foleyandturner.com

Mario Garcia
BRATTAIN & MINNIX
mariogarciaesq@yahoo.com

Linda S. George
GEORGE & SIPES
lg@lgrslaw.com

Matthew A. Griffith
THRASHER GRIFFITH & VOELKEL
griffith@indiana-attorneys.com

Scott A. Kainrath
KAINRATH LAW FIRM, PC
scott@kainrathlaw.com

Dana L. Luetzelschwab
FOLEY & TURNER
danal@foleyandturner.com

Aaron Tracy Milewski
GEORGE & SIPES
atm@lgrslaw.com

Mark W. Rutherford
THRASHER BUSHMANN GRIFFITH &
VOELKEL PC
rutherford@indiana-attorneys.com

W. Russell Sipes
GEORGE & SIPES
wrsipes@lgrslaw.com

Richard Alan Young
KIGHTLINGER & GRAY
ryoung@k-glaw.com