UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

AMELIA WATKINS; LINDA K. HAIRSTON;  )
KELVIN THOMPSON; MILDRED                      )
MONTGOMERY; SHENIAL HAIRSTON;      )
SHARON HAIRSTON; WANDA WELCH;      )
JOETTA REDD; TOSHA BRADSHAW;         )
NANCY MUSE; ANNETTE HAIRSTON;        )
BRENDA HAIRSTON; BRENDA FINNEY,     )
                                                                       )
            Plaintiffs,                                          )
                                                                       )
      vs.                                                          )            1:06-cv-1473-JDT-TAB
                                                                       )
                                                                       )
ROBERT PENN; ACE APPRAISAL            )
SERVICES; FREDERICK BAUTER;            )
BROWN FUNDING, INC.; BRIAN               )
CARRINGTON; EU GROUP, LLC; LAND      )
ECONOMICS, LLC; SHARON PENN;          )
PEOPLES TRUST MORTGAGE, LLC,          )
D/B/A PEOPLES CHOICE MORTGAGE;      )
AMY POLLARD; ROBERT POLLARD;          )
SUSAN L. RUHANA; TAMARA SCOTT-      )
PENN; SHOWHOMES PROPERTY             )
MANAGEMENT, LLC; KTD                          )
ENTERPRISES, INC.; EXCEL REALTY       )
GROUP, LLC; HOMEVESTORS, LLC;          )
REALTY OPTIONS, LLC; BUELAH PENN;    )
JERRY JAQUESS,                                      )
                                                                       )
            Defendants.                                       )

**Entry on Defendants' Motions for Judgment on the Pleadings (Doc. No. 68, Doc.
No. 115)**[1]

In this case involving an alleged mortgage fraud scheme and numerous

---

[1]  This Entry is a matter of public record and will be made available on the court's web
site.  However, the discussion contained herein is not sufficiently novel to justify commercial
publication.

defendants and causes of action, Defendants Susan Ruhana and Ace Appraisal

Services ("Ace") are accused of participating in the overall scheme by providing

deliberately inflated property appraisals in order to induce mortgage lenders to provide

loans well in excess of the values of the relevant properties.  On May 17, 2007, Ms.

Ruhana and Ace moved for judgment on the pleadings, pursuant to Federal Rule of

Civil Procedure 12(c), with respect to all claims against them.  The Plaintiffs have filed

their response,[2] and the Defendants have replied to that response.  This motion[3] is

therefore ripe for review, and the court rules as follows.

## I.      Background

Plaintiffs Amelia Watkins and Linda Hairston brought this action on October 6,

2006, claiming to be the victims of a mortgage fraud scheme perpetrated by the

Defendants.  Plaintiffs sought class certification, claiming to represent both themselves

and others they say were similarly damaged by Defendants' actions.  Plaintiffs amended

their complaint on November 7, 2007, adding several named plaintiffs and modifying

---

[2]  The Plaintiffs missed the original deadline for filing their response to the Defendants' brief in support of this motion, but the court granted the Plaintiffs' motion for an extension of time to file a response, allowing the Plaintiffs to file their responsive brief.  (Order Mot. Extension Time, Doc. No. 89.)  Therefore, the court will not address Defendants' argument for striking Plaintiffs' response brief.

[3]  The court will simultaneously rule on Defendant Brian Carrington's Motion for Judgment on the Pleadings (Doc. No. 115), filed on October 31, 2007.  After being granted leave to join the motion for judgment on the pleadings filed by Defendants Ruhana and Ace (Doc. No. 68), Mr. Carrington filed a separate, redundant motion for judgment on the pleadings. This motion simply states that Mr. Carrington joins the earlier-filed motion and incorporates the brief filed by Ms. Ruhana and Ace (Doc. No. 69); no accompanying brief was filed.  Therefore, the court's treatment of this motion is identical to the motion filed by Ms. Ruhana and Ace, and there is no need for separate discussion of each motion.

their claims to reflect this court's rulings concerning certain claims since the filing of the original complaint.

According to Plaintiffs, Defendant Robert Penn directed a conspiracy (involving numerous individuals and business entities named as Defendants in this action) to use Plaintiffs' names and credit ratings on falsified mortgage applications, the submission of which allowed Defendants to misappropriate the proceeds of the resulting mortgage loans.  Plaintiffs contend that the use of inflated property appraisals, which induced mortgage lenders to provide loans well in excess of the fair market value of the relevant properties, played an integral role in this scheme.  To that end, Plaintiffs allege that Defendants Susan Ruhana, Ace Appraisal Services, Frederick Bauter, and Brian Carrington (the "Appraiser Defendants") provided these intentionally inflated appraisals in furtherance of the overall conspiracy to defraud Plaintiffs.  According to Plaintiffs, contrary to assurances they had received from several defendants that payments on the mortgage loans would be made via rent collected from tenants on those properties, such payments were not made, resulting in collection actions against Plaintiffs and badly damaged credit ratings (and, ultimately, this lawsuit).

Defendants Susan Ruhana and Ace Appraisal Services (the "Ace Defendants") filed the motion presently under consideration, seeking judgment on the pleadings with respect to all Plaintiffs' claims against them.  At the time the motion was filed, those claims included fraud, constructive fraud, theft by deception, Indiana RICO, federal RICO, negligence, negligent misrepresentation, breach of fiduciary duty, criminal mischief, indemnity, invasion of privacy, and civil conspiracy.  Before the Ace

Defendants filed this motion, Mr. Carrington, joined by Mr. Bauter,[4] moved to dismiss all claims against him under Rule 12(b)(6).  In response to that motion, Plaintiffs chose to argue in support of only two of their claims, Indiana RICO and civil conspiracy.  On August 6, 2007, this court dismissed all claims except for the civil conspiracy claim against Mr. Carrington and Mr. Bauter.  (Entry Mot. Dismiss, Doc. No. 97, at 8-9.) Accordingly, the Plaintiffs' amended complaint specifically states that the only claim still pending against the Appraiser Defendants, including the Ace Defendants, is the Civil Conspiracy claim.  (Am. Compl. ¶ 38.)

Therefore, the court's evaluation of the Ace Defendants' present motion for judgment on the pleadings is confined to the Plaintiffs' sole remaining claim against the Appraiser Defendants, the civil conspiracy claim.  Defendants Bauter and Carrington were granted permission to join this motion on May 22, 2007, (Doc. No. 73) and May 23, 2007, (Doc. No. 75) respectively. Therefore, the court will determine whether all Appraiser Defendants are entitled to judgment on the pleadings with respect to the Plaintiffs' civil conspiracy claim.

## II.    DISCUSSION

A motion for judgment on the pleadings pursuant to Rule 12(c) is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss.  *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citing *Guise v. BWM Mortgage, LLC*, 377

---

[4]  Mr. Bauter was granted permission by the court to join Mr. Carrington's motion to dismiss.  (Doc. No. 57.)

F.3d 795, 798 (7th Cir. 2004)).  Therefore, this court must accept all facts alleged in the

complaint as true and draw all reasonable inferences from those facts in favor of the

plaintiff.  *Id.* (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).

The complaint need not allege detailed facts and "must contain only 'a short and plain

statement of the claim showing that the pleader is entitled to relief.'"  *Id.* (citing Fed. R.

Civ. P. 8(a)(2)).  However, in order to provide the defendant with fair notice of the

grounds upon which the claim rests, the complaint must provide sufficient factual

specificity to "raise a right to relief above the speculative level."  *Id.* (quoting *Bell Atl.*

*Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)) (internal quotations omitted).

As a threshold matter, Plaintiffs contend that this court should not rule upon this

motion at all because the pleadings were not "closed," as required by Rule 12(c), at the

time this motion was filed.  *See generally* Fed. R. Civ. P. 12(c) ("After the pleadings are

closed but within such time as not to delay the trial, any party may move for judgment

on the pleadings.").  Plaintiffs reason that the pleadings were not closed because, at the

time this motion was filed, the Case Management Plan still allowed for amendments to

the pleadings.  (Pl.'s Resp. Mot. J. Pleadings 4.)  However, Plaintiffs misapprehend the

meaning of "closed" for purposes of a Rule 12(c) motion; parties are permitted to submit

such a motion after the complaint and the answer have been filed.  *Moss v. Martin*, 473

F.3d 694, 698 (7th Cir. 2007) (citing *Brunt v. Servs. Employees Int'l Union*, 284 F.3d

715, 718 (7th Cir. 2002)); *see also N. Ind. Gun & Outdoor Shows, Inc. v. City of S.*

*Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (explaining that "Rule 12(c) permits a party to

move for judgment after the parties have filed the complaint and answer.").  Because

the Defendants filed their answer prior to filing this motion for judgment on the pleadings, the motion was filed at a permissible time, and the court will rule upon this motion.

As previously noted, Plaintiffs' amended complaint, citing this court's ruling regarding Mr. Carrington's motion to dismiss, abandoned all claims against the Appraiser Defendants with the exception of the civil conspiracy claim.  (Am. Compl. ¶ 38.)  Therefore, Plaintiffs' and Defendants' arguments regarding the Indiana RICO claim will be disregarded for purposes of evaluating this motion, and the court will focus solely upon the civil conspiracy claim.

Indiana law defines a civil conspiracy as "a combination of two or more persons who engage in concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means." *Boyle v. Anderson Fire Fighters Ass'n Local 1262*, 497 N.E.2d 1073, 1079 (Ind. Ct. App. 1986) (citing *Indianapolis Horse Patrol, Inc. v. Ward*, 217 N.E.2d 626 (Ind. 1966)).  Although Indiana law does not recognize a cause of action for civil conspiracy as an independent tort, it does recognize civil conspiracy as a cause of action to recover damages resulting from concerted action in the commission of some other, independent tort.  *Boyle*, 497 N.E.2d at 1079.  That is, civil conspiracy is merely "another way of asserting concerted action in the commission of a tort."  *Id.*

The Appraiser Defendants argue that they are entitled to judgment on the pleadings on Plaintiffs' civil conspiracy claim because the Plaintiffs cannot allege any

underlying, independent tort committed by the Appraiser Defendants.  The Appraiser

Defendants properly recognize that an action for civil conspiracy must be predicated

upon the commission of an independent tort; they reason that the civil conspiracy claim

must fail because Plaintiffs allege no such commission of an independent tort by them.

However, this court has already rejected this reasoning in its previous entry

regarding Mr. Carrington's motion to dismiss (Entry Mot. Dismiss, Doc. No. 97, at 7.)

The court explained that the Plaintiffs need not pursue an independent fraud claim

directly against the Appraiser Defendants in order to pursue a civil conspiracy claim

predicated upon fraud.  That is, the independent tort supporting the civil conspiracy

claim need not be separately alleged directly against the Appraiser Defendants;

although the Appraiser Defendants' actions *alone* might be insufficient to state a claim

for fraud,[5] their participation as coconspirators in a larger scheme to defraud the

Plaintiffs might nevertheless give rise to an action for civil conspiracy against them.  *See*

*Boyle*, 497 N.E.2d at 1079 ("All those who aid and abet in the commission of an

intentional tort are equally liable with the party directly committing it.").  Plaintiffs' claims

for fraud and other torts against Robert Penn and other defendants are still pending,

and to the extent that Plaintiffs allege the Appraiser Defendants aided and abetted other

defendants in committing such torts, their civil conspiracy claim cannot be dismissed for

failure to allege the commission of an independent tort.

---

[5]  As the court explained in its previous entry, Plaintiffs likely abandoned their fraud claim against the Appraiser Defendants because they could not state a fraud claim under Indiana law.  *See Kreighbaum v. First Nat'l Bank & Trust*, 776 N.E.2d 413, 421 (Ind. Ct. App. 2002) ("[I]t is well-settled under Indiana law that an appraisal is an opinion, and therefore is not actionable under a theory of fraud.").

Moreover, the Plaintiffs have alleged facts in support of their civil conspiracy

claim with sufficient specificity to raise their right to relief above the merely speculative

level.  They contend that the Appraiser Defendants intentionally provided grossly

inflated property appraisals in order to induce mortgage lenders to provide loans well in

excess of the fair market values of the relevant properties, thereby furthering the overall

conspiracy directed by Robert Penn to perpetrate fraud upon the Plaintiffs.  Far from

constituting mere "labels and conclusions" or "a formulaic recitation of a cause of

action's elements," *see Twombly*, 127 S. Ct. at 1965, these allegations detail the nature

of the Appraiser Defendants' alleged role in the conspiracy to defraud the Plaintiffs.

These factual allegations are more than sufficient to satisfy federal pleading

requirements.

The Appraiser Defendants do not make, and the court does not address, any

argument that the Appraiser Defendants should be entitled to judgment on the

pleadings because the Plaintiffs have failed to adequately plead a cause of action for

fraud or some other underlying tort against the other defendants.  Although the

Appraiser Defendants might later raise such an argument if the claims against other

defendants were dismissed, based on the absence of an independent tort to support the

civil conspiracy claim, there is no occasion to address that argument at this time.  In

addition, the court will not revisit any jurisdictional concerns at this time,[6] except to note

---

[6]  In its earlier entry, the court noted that the federal RICO claim pled against other
defendants bestows original jurisdiction on the court, and supplemental jurisdiction over the
claim against the Appraiser Defendants is appropriate under 28 U.S.C. 1367(a).  (Entry Mot.
Dismiss, Doc. No. 97 4.)

that the federal RICO claim against other defendants that provides the basis for subject matter jurisdiction is still pending; if this claim falters, the court will need to revisit the question of subject matter jurisdiction.

## III.   Conclusion

Defendants' Motions for Judgment on the Pleadings (Doc. No. 68 and Doc. No. 115) are **GRANTED IN PART** and **DENIED IN PART**.  Because Plaintiffs have abandoned all counts of the complaint against the Appraiser Defendants except Count Five (civil conspiracy), all counts other than Count Five will be **DISMISSED** as to Ms. Ruhana and Ace Appraisal Services.  This court has previously dismissed all claims except for civil conspiracy against Defendants Bauter and Carrington.  (Entry Mot. Dismiss, Doc. No. 97.)  Count Five of Plaintiffs' amended complaint, a claim for damages as a result of civil conspiracy, adequately states a claim and is the sole remaining claim against Defendants Ruhana, Ace Appraisal Services, Bauter, and Carrington.  A final judgment or order on the dismissed claims will not be entered until the disposition of the remaining claims.

ALL OF WHICH IS ENTERED this 26th day of November 2007.

John Daniel Tinder, Judge
United States District Court

9

Copies To:

Magistrate Judge Tim A. Baker

Todd Christopher Barnes
GEORGE & SIPES LLP
tb@lgrslaw.com

A. Richard Blaiklock
LEWIS & WAGNER
rblaiklock@lewiswagner.com

Bruce D. Brattain
BRATTAIN & MINNIX
batmi5@aol.com

Curtis J. Butcher
CURTIS J. BUTCHER & ASSOCIATES
curtisbutcherlaw@msn.com

Erin A. Clancy
KIGHTLINGER & GRAY
eclancy@k-glaw.com

Kathleen A. Farinas
GEORGE & SIPES
600 Inland Building
156 East Market Street
Indianapolis, IN 46204

Donald F. Foley
FOLEY & TURNER
donf@foleyandturner.com

Mario  Garcia
BRATTAIN & MINNIX
mariogarciaesq@yahoo.com

Linda S. George
GEORGE & SIPES
lg@lgrslaw.com

Scott A. Kainrath
KAINRATH LAW FIRM, PC
scott@kainrathlaw.com

Dana L. Luetzelschwab
FOLEY & TURNER
danal@foleyandturner.com

W. Russell Sipes
GEORGE & SIPES
wrsipes@lgrslaw.com

Richard Alan Young
KIGHTLINGER & GRAY
ryoung@k-glaw.com